UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 09-81308-CIV-HURLEY
MAGISTRATE JUDGE P.A. WHITE

CHRISTOPHER LEON JOHNSON,        :

    Plaintiff,            :

v.                               :        PRELIMINARY REPORT
                                                    OF MAGISTRATE JUDGE
WALTER MCNEIL, et al.,           :

    Defendants.           :
_____

## I. Introduction

The plaintiff, Christopher Leon Johnson, incarcerated at the Santa Rosa Correctional Facility, has filed a pro se civil rights complaint pursuant to 42 U.S.C. §1983 concerning events that transpired at the South Bay Correctional Facility ("SBCF"). [DE# 1]. The plaintiff has been granted leave to proceed in forma pauperis. [DE# 4].

This cause is presently before the Court for initial screening pursuant to 28 U.S.C. §1915, because the plaintiff is proceeding in forma pauperis.

## II. Analysis

As amended, 28 U.S.C. §1915 reads in pertinent part as follows:

    Sec. 1915 Proceedings in Forma Pauperis

                            * * *

>     (e)(2) Notwithstanding any filing fee, or
> any portion thereof, that may have been paid,
> the court shall dismiss the case at any time
> if the court determines that –
>
>          *   *   *
>
> (B) the action or appeal –
>
>          *   *   *
>
> (i)  is frivolous or malicious;
>
> (ii) fails to state a claim on which
> relief may be granted; or
>
> (iii) seeks monetary relief from a
> defendant who is immune from such
> relief.

A complaint is "frivolous under section 1915(e) "where it lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989); Bilal v. Driver, 251 F.3d 1346, 1349 (11 Cir.), cert. denied, 534 U.S. 1044 (2001). Dismissals on this ground should only be ordered when the legal theories are "indisputably meritless," id., 490 U.S. at 327, or when the claims rely on factual allegations that are "clearly baseless." Denton v. Hernandez, 504 U.S. 25, 31 (1992). Dismissals for failure to state a claim are governed by the same standard as Federal Rule of Civil Procedure 12(b)(6). Mitchell v. Farcass, 112 F.3d 1483, 1490 (11 Cir. 1997)("The language of section 1915(e)(2)(B)(ii) tracks the language of Federal Rule of Civil Procedure 12(b)(6)"). In order to state a claim, a plaintiff must show that conduct under color of state law, complained of in the civil rights suit, violated the

plaintiff's rights, privileges, or immunities under the Constitution or laws of the United States.  Arrington v. Cobb County, 139 F.3d 865, 872 (11 Cir. 1998).

Pro se complaints are held to "less stringent standards than formal pleadings drafted by lawyers and can only be dismissed for failure to state a claim if it appears 'beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'" Estelle v. Gamble, 429 U.S. 97, 106 (1979) (quoting Haines v. Kerner, 404 U.S. 519, 520-21 (1972)). The allegations of the complaint are taken as true and are construed in the light most favorable to Plaintiff.  Davis v. Monroe County Bd. Of Educ., 120 F.3d 1390, 1393 (11 Cir. 1997).

To determine whether a complaint fails to state a claim upon which relief can be granted, the Court must engage in a two-step inquiry.  First, the Court must identify the allegations in the complaint that are not entitled to the assumption of truth. Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)).  These include "legal conclusions" and "[t]hreadbare recitals of the elements of a cause of action [that are] supported by mere conclusory statements."  Second, the Court must determine whether the complaint states a plausible claim for relief. Id.  This is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense."  The plaintiff is required to plead facts that show more than the "mere possibility of misconduct."  The Court must review the factual allegations in the complaint "to determine if they plausibly suggest an entitlement to relief."  When faced with alternative explanations for the alleged misconduct, the Court may exercise its judgment in determining whether plaintiff's proffered conclusion is the most

3

plausible or whether it is more likely that no misconduct occurred.[1]

The plaintiff names as defendants FDOC Secretary Walter McNeil; SBCF Warden Willie Norwood; SBCF Lt. Theron Poteat; and Classification Officers Vivian McCall, Thurmond Smith and Etosha Slaughter.  The plaintiff alleges that he was denied the right to due process with regard to the processing of several disciplinary reports, some of which were overturned. Specifically, he challenges four different disciplinary hearings.  On December 31, 2008, he was issued a disciplinary report for committing an obscene act.  He was found guilty on January 13, 2009 and sentenced to 30 days confinement, and appeals were ultimately denied.  He alleges that at the hearing McCall and Smith refused to allow him to present evidence or witnesses and failed to make adequate written findings

On March 9, 2009 he was issued a disciplinary report for assault on a correctional officer and disrespect to an official. On March 12, 2009 he was found guilty, and sentenced to consecutive terms of confinement of 60 and 30 days. Both of these disciplinary reports were ultimately overturned and expunged from his institutional file.  He alleges that at the hearing Poteat and Smith refused to allow him to present evidence or witnesses and failed to make adequate written findings.

On April 27, 2009 he was issued disciplinary reports for tampering with a safety device and destruction of state property. On April 30, 2009 he was found guilty and sentenced to 60 days to run consecutive to prior disciplinary sentences.  All appeals were ultimately denied.  He alleges that Poteat and Slaughter refused to

---

[1] The application of the <u>Twombly</u> standard was clarified in <u>Ashcroft v. Iqbal</u>, 129 S.Ct. 1937 (2009).

allow him to present evidence or witnesses and failed to make adequate written findings.

Finally, on June 15, 2009 he was issued a disciplinary report for attempting to establish a personal relationship with a staff member. He was found guilty on June 16, 2009 and all appeals were denied. He alleges that Poteat and another officer (not named as a defendant) refused to allow him to present evidence or witnesses and failed to make adequate written findings.

The Supreme Court has expressly held that a state prisoner who is subjected to disciplinary punishment that is within the prisoner's expected condition of confinement cannot show deprivation of a protected liberty interest. Sandin v. Conner, 515 U.S. 472. Only those disciplinary actions which pose an "atypical and significant hardship in relation to the ordinary incidents of prison life" may constitute a constitutional deprivation. Sandin, 515 U.S. at 484. A section 1983 suit may be brought challenging disciplinary procedures, but not if the nature of the challenge to the procedures could be such as to necessarily imply the invalidity of the judgment. Edwards v. Balisok, 520 U.S. 641 (1997). The Eleventh Circuit has interpreted Balisok to foreclose all claims challenging a disciplinary proceeding unless they were "purely procedural, as in Wolff...." Harden v. Pataki, 320 F.3d 1289, 1295 n.9 (11 Cir. 2003). The procedural requirements for a disciplinary hearing are three-fold: (1) advance written notice; (2) a written statement of the reasons for the disciplinary action taken; and (3) the opportunity to call witnesses and present evidence. Wolff v. McDonnell, 418 U.S. 539 (1974); Young v. Jones, 37 F.3d 1457, 1459-60 (11 Cir. 1994); Bass v. Perrin, 170 F.3d 1312, 1318 (11 Cir. 1999). The transfer of an inmate to a "less amenable and more restrictive" housing assignment, if not punitive in nature, is

within the discretion of the prison, and "within the terms of confinement ordinarily contemplated by a prison sentence." Hewitt v. Helms, 459 U.S. 460 (1983).

The plaintiff has identified recognized procedural errors with regard to his disciplinary proceedings, and as such he has stated a due process claim against Poteat, Smith, Slaughter and McCall.

The plaintiff cannot state a claim for relief against McNeil or Norwood because they failed to rule favorably on his grievances and appeals. The Constitution does not entitle prisoners and pretrial detainees in state or federal facilities to grievance procedures, Adams v. Rice, 40 F.3d 72, 75 (4 Cir. 1994), cert. denied 514 U.S. 1022 (1995); Buckley v. Barlow, 997 F.2d 494, 495 (8 Cir. 1993); Flick v. Alba, 932 F.2d 728, 729 (8 Cir. 1991); Stewart v. Block, 938 F.Supp. 582, 588 (C.D. Cal. 1996); Brown v. Dodson, 863 F.Supp. 284, 285 (W.D. Va. 1994); and since even if a grievance mechanism has been created for the use of states inmates the mechanism involves a procedural right, not a substantive one, and it does not give rise to a liberty interest protected by the Due Process Clause, Antonelli v. Sheahan, 81 F.3d 1422, 1430 (7 Cir. 1996); Hoover v. Watson, 886 F.Supp. 410, 418 (D. Del. 1995); Brown v. Dodson, supra at 285; and thus, if the state elects to provide a grievance mechanism, violations of its procedures, or even a failure to respond to the prison grievance, do not give rise to a §1983 claim, Buckley v. Barlow, supra, 997 F.2d at 495; Hoover v. Watson, supra, 886 F.Supp. at 418-19. When the claim underlying the administrative grievance involves a constitutional right, the prisoner's right to petition the government for redress is the right of access to the courts, which is not compromised by the prison's refusal to entertain his grievance. Flick v. Alba, supra, 932 F.2d at 729.

III. Conclusion

Based on the foregoing, it is recommended that:

1. The defendants McNeil and Norwood be dismissed as parties to this action for failure to state a claim upon which relief can be dismissed pursuant to 28 U.S.C. §1915(e)(2)(B)(ii).

2. The claims of denial of due process in the disciplinary proceedings remain pending against Poteat, Smith, Slaughter and McCall.

Objections to this report may be filed with the District Judge within ten days of receipt of a copy of the report.

It is so recommended at Miami, Florida, this 13th day of October, 2009.

_____
UNITED STATES MAGISTRATE JUDGE

cc: Christopher Leon Johnson, Pro Se
    DC No. 622994
    Santa Rosa Correctional Institution
    5850 East Milton Road
    Milton, FL 32583